UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| Andre Robinson and Elise Simone Williams, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>Navy Federal Credit Union,<br><br>Defendant. | Civil Action No.:<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiffs Andre Robinson and Elise Simone Williams ("Plaintiffs") individually and on behalf of all others similarly situated, bring this action against Navy Federal Credit Union ("Defendant" or "Navy Federal"), and allege as follows:

## INTRODUCTION

1. Navy Federal is the largest credit union in the country and operates and markets itself to members of the armed forces, department of defense, and the national guard.

2. On December 14, 2023, CNN issued a report detailing the unprecedented racial disparity between approval rates of home mortgages for

1

white applicants juxtaposed with all other applicants, and significantly Black applicants.[1]

3. CNN's report, based on a statistical analysis of publicly available mortgage data, found that White applicants were approved over 75% of the time, while Black applicants were approved less than 50% of the time. The disparity represents a nearly 29 percentage point gap, by far the highest margin of the fifty lenders that originated mortgages in 2022.

4. The disparity exists even when considering more than a dozen variables, including income, debt-to-income ratio, property value, downpayment percentage, and neighborhood characteristics.

5. Navy Federal even approved a higher percentage of applications from White borrowers making less than $62,000 a year than it did from Black borrowers making $140,000 or more.

6. Navy Federal is a not-for-profit organization that purportedly strives to do what is right for their membership to foster financial health and well-being for the military, veterans, and their families and allegedly celebrates diversity and inclusion. Navy Federal claims it is a matter of integrity and simply the right thing to do.

---

[1] https://www.cnn.com/2023/12/14/business/navy-federal-credit-union-black-applicants-invs/index.html

7. Navy Federal markets its mortgage products to military, veterans, and their families with the promise of great rates, lower fees, and exclusive discounts.

8. While purportedly "Members Come First," not all members are treated equally.

9. Plaintiffs, Navy Federal members, sought home loans with Navy Federal and, like many others, were denied because of their race, and were damaged.

## PARTIES

10. Andre Robinson is an adult residing in the City of Madison, Madison County, Alabama and is a citizen and resident of Alabama.

11. Elise Simone Williams is an adult residing in Richmond, Virginia and is a citizen and resident of Virginia.

12. Defendant Navy Federal Credit Union is a federally chartered, not-for-profit credit union with its principal place of business in Vienna, Virginia.

## JURISDICTION AND VENUE

13. This Court has subject matter jurisdiction over this controversy pursuant to 28 U.S.C. §§ 1331, 1332(d) and 1343, because the Court has federal question jurisdiction, at least one Plaintiff and members of the Class are

citizens of states different than Defendant, and the aggregate amount in controversy exceeds $5 million, exclusive of interests and costs.

14. The Court has personal jurisdiction over Defendant because Navy Federal is a citizen of Virginia (*Navy Fed. Credit Union v. LTD Fin. Servs., LP*, 972 F.3d 344, 364 (4th Cir. 2020)), transacts business in Virginia, and maintains its principal place of business in Virginia.

15. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this District. Defendant markets, advertises, and conducts extensive business within this District.

## FACTUAL ALLEGATIONS

### I. Background

16. Navy Federal is a not-for-profit, federally chartered credit union that serves members of the Armed Forces, Department of Defense, veterans, and their families and provides a wide range of financial services and products to its members.

17. Navy Federal has 13 million members globally and is the world's largest credit union with over $168 billion in assets.

18. In 2021, with historically low interest rates, Navy Federal closed on almost 35,000 mortgages and refinanced 46,000 members, resulting in $24.8 billion in originations.

19. In 2022, even while rising interest rates cooled off the market, Navy Federal issued a total of $16.5 billion in mortgage loans, the majority of which were to first-time home buyers, at the time creating an over $84 billion mortgage lending portfolio.

20. Navy Federal denied mortgages to minority applicants, while approving White applicants at a substantially higher rate with virtually identical financial data, with the only distinguishing factor being the applicants' race. In doing so, Navy Federal denied minority applicants the American dream of home ownership at those historically low interest rates.

## II. Navy Federal's Discriminatory Practices

21. According to the CNN report referenced above, for conventional, conforming, home purchase mortgage loans, the data is alarming.[2] Navy Federal approved White applicants 77% of the time, while approving Black applicants only 48% of the time.



---

[2] CNN's data is based on millions of mortgage application data released by the Consumer Financial Protection Bureau under the Home Mortgage Disclosure Act.

5

22. The lending disparity between Black and White applicants far exceeds that among even the largest of mortgage lenders in the country, including Wells Fargo, JP Morgan Chase, Rocket Mortgage, State Employees' Credit Union, and Bank of America.



23. These racial disparities remained even when comparing applicants with the same incomes or debt-to-income ratios.



24. Indeed, the graphic above shows the lowest income White applicants were approved at an even higher rate than the highest income Black applicants.

25. The CNN report states that Defendant had "statistically significant racial disparities in [Navy Federal] mortgage approval rates while holding constant more than a dozen different variables including the applicant's income and debt-to-income ratio, the loan amount, the property value, and the neighborhood's socioeconomic makeup."[3]

26. Further, among identical variables, Black applicants were more than two times as likely to be rejected than White applicants.

27. The only variable not included was credit score, because credit scores are not included in the Home Mortgage Disclosure Act data for privacy reasons.

28. Nevertheless, of those that were denied, less than one quarter were denied for their credit history.

---

[3] The other variables include: the loan amount, the loan term, the loan-to-value ratio, the property value, the presence of a co-applicant, the applicant and co-applicant's sex, the credit scoring model used to generate the applicant's credit score, the primary applicant's age, the minority population percentage of the property's census tract, the median age of housing units in the property's census tract, and the difference between the median income of the metro area and the median income of the property's census tract

29. Even more egregious, the data shows that Navy Federal had a statistically significant denial rate between Black and White applicants for VA home loans, which are loans backed by the federal government.

30. In other words, there is no explanation to account for the discrepancies in Navy Federal's mortgage approval rates, except one: race.

31. The CNN article further discusses the automation involved in underwriting systems that lenders, like Navy Federal, use as a decision maker to grant or deny mortgage applications.

32. Upon belief, while other lenders made changes their automated systems to try to account for inherent bias, Navy Federal failed and refused to make any changes to account for the unprecedented racial disparity.

33. Even if automation is to blame for the disparate impact on minorities, that does not relieve Navy Federal from Plaintiffs' discrimination claims and the stark racial disparity in its lending practices.

### III. Plaintiffs' Experiences

*Andre Robinson*

34. Andre Robinson is an African American Army veteran and has banked with Navy Federal for eight years, holding regular checking and savings accounts and a credit card.

35. In mid-2023, Plaintiff Robinson sought to purchase a new build home in Madison, Alabama.

36. Mr. Robinson applied for a mortgage from Navy Federal in June 2023 with a credit score of 718.

37. After much delay and no word from Navy Federal, Mr. Robinson called to check the status of his application, only to be told he was denied.

38. Navy Federal did not give Mr. Robinson a reason for the denial.

39. Mr. Robinson contacted the builder, who put him in touch with another lender who financed Mr. Robinson almost immediately.

40. Navy Federal's delay and ultimate denial, without reason, constituted racial discrimination and caused Mr. Robinson emotional distress and anxiety, fearing he may lose the home he desired and deserved.

*Elise Simone Williams.*

41. Elise Simone Williams is a self-employed African American whose father served in the military. She has both her personal and business accounts, including credit card, with Navy Federal.

42. Ms. Williams applied for a mortgage through Navy Federal twice.

43. Ms. Williams' credit score was over 725 with little debt.

44. Navy Federal denied both of Ms. Williams' mortgage applications.

45. Following the second denial, Ms. Williams was able to immediately get a loan from another lender and bought the house she wanted.

46. Navy Federal's denial of Ms. Williams' mortgage application constituted racial discrimination and caused her emotional distress and anxiety.

47. Plaintiffs are not alone and represent the experiences of thousands of similarly situated borrowers across the country. Numerous mortgage applications by Blacks and other minority applicants have been denied by Navy Federal without cause while Navy Federal approved and continued to approve loans to similarly situated non-minority applicants. The only significant difference was the applicants' race.

## CLASS ACTION ALLEGATIONS

48. Plaintiffs bring this action on behalf of themselves and all others similarly situated ("the Class") pursuant to Federal Rule of Civil Procedure 23.

49. Plaintiffs propose the following Class definition, subject to amendment as appropriate:

> Nationwide Class: All minority loan applicants from a date five years prior to the filing of this Complaint, who applied for a mortgage from Navy Federal and were denied, approved at a higher interest rate, or approved at less favorable terms, or unreasonably delayed in the application process when compared to similarly situated non-minority applicants.

50. The following persons are excluded from the above Class definitions:

    a. Any judge or magistrate presiding over this action and the members of their family;

    b. Defendant and any of Defendant's affiliates, parents, or subsidiaries, any entities in which Defendant has a controlling interest, any officer, director or employee of Defendant, any successor or assign of Defendant, anyone employed by counsel in this action;

    c. Persons who properly execute and file a timely request for exclusion from the Class;

    d. Persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; and

    e. Plaintiffs' counsel and Defendant's counsel.

51. The requirements for class certification under Federal Rule of Civil Procedure 23 are met as follows:

    a. Plaintiffs are informed and believe, and on that basis allege, that there are thousands of persons who have applied for mortgages with Navy Federal and were denied on the basis of race. As such, the members of the Class are so numerous that joinder of all members in one proceeding would be impracticable.

b. There are common questions of law and fact susceptible to common answers for the Class, including without limitation:

   i. Whether Navy Federal discriminated against Plaintiffs and the Class based on race;

   ii. Whether Navy Federal approved White applicants for mortgage products at higher rates over minority applicants with similar financial status;

   iii. Whether Navy Federal's policies and procedures were biased against minority applicants in favor of non-minority applicants;

   iv. Whether Navy Federal's automated underwriting process discriminated against Plaintiffs and the Class by systematically approving White applicants for mortgage products at higher rates over minority applicants with similar financial status;

   v. Whether Navy Federal's underwriting process had a disparate impact on Plaintiffs and the Class;

   vi. Whether Navy Federal knew its mortgage underwriting process discriminated against minority applicants in favor of White applicants;

   vii. Whether Navy Federal sought to readily offer inferior financial products, like credit cards, to minorities, without bearing the risk associated with much larger products like mortgages;

   viii. Whether Navy Federal placed undue burdens on minority applicants not placed on non-minority applicants;

   ix. Whether Navy Federal unduly delayed minority applicants, while not delaying non-minority applicants;

   x. Whether Navy Federal made the proper disclosures to Plaintiffs and the Class;

   xi. Whether Plaintiffs and the Class are entitled to damages for Navy Federal's practices.

 c. The claims of the Plaintiffs are typical of the claims of the members of the Class, who applied for mortgages with Defendant and were denied.

 d. The Plaintiffs will fairly and adequately represent the members of the Class and have retained counsel who are competent and experienced in class action and complex litigation.

52. The requirements of Rule 23(b)(2) are met as described below in Plaintiffs' request for injunctive relief.

53. The requirements of Rule 23(b)(3) are met in that:

a. The questions of law common to the members of the Class predominate over any questions affecting only individual members.

b. A class action is superior to other methods for the fair and efficient adjudication of this controversy. Because the damages suffered by many individual members of the Class may be relatively small in relation to the costs of litigation, the expense and burden of individual litigation make it difficult, if not impossible, for members of the Class to redress the wrongs done to them individually. Furthermore, many of the members of the Class may be unaware that claims exist against Defendant.

c. Plaintiffs know of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a class action. The names and addresses of the members of the Class are available from Defendant. Notice will be provided to the members of the Class via first class mail and/or by the use of techniques and a form of notice similar to those customarily used in class actions.

## COUNT I
## VIOLATION OF THE EQUAL CREDIT OPPORTUNITY ACT
## 15 U.S.C. § 1691, *et seq.*

54. Plaintiffs re-allege and incorporate by reference all prior paragraphs of this complaint as if fully set forth herein.

55. The Equal Credit Opportunity Act ("ECOA") provides that it is "unlawful for any creditor to discriminate against any applicant … on the basis of race." 15 U.S.C. § 1691(a)(1).

56. Plaintiffs and the Class are applicants because they are "person[s] who applie[d] to a creditor directly for an extension, renewal, or continuation of credit." 15 U.S.C. § 1691a(b).

57. Navy Federal is a creditor because they "regularly extend[], renew[], or continue[] credit." 15 U.S.C. § 1691a(e).

58. Plaintiffs and the Class are members of a protected class, applied for and were qualified for an extension of credit, Navy Federal denied Plaintiffs and the Class despite their qualifications; and Navy Federal continued to extend credit to others with similarly situated status outside the protected class.

59. Navy Federal's denial of credit is race discrimination in violation of the ECOA.

60. As a result, Plaintiffs and the Class suffered and continue to suffer financial damage and injury and are entitled to all damages, plus punitive

damages, in addition to costs, interest and fees, including attorney's fees, as allowed by law.

## COUNT II
## RACE DISCRIMINATION IN VIOLATION OF THE FAIR HOUSING ACT OF 1968, 42 U.S.C. § 3601, *et seq.*

61. Plaintiffs re-allege and incorporate by reference all prior paragraphs of this Complaint as if fully set forth herein.

62. The Fair Housing Act ("FHA") makes it unlawful "[t]o discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services … in connection therewith, because of race…." 42 U.S.C.A. § 3604(b).

63. In addition, the FHA makes it unlawful for any "entity whose business includes engaging in residential real estate-related transactions to discriminate against any person in making available such a transaction, or in the terms or conditions of such a transaction, because of race." 42 U.S.C. § 3605(a).

64. Navy Federal is engaged in the business of "residential real estate-related transaction[s]" as defined by the FHA.

65. Plaintiffs and the Class engaged or attempted to engage in a residential real estate-related transaction with Navy Federal as defined by the FHA.

66. Plaintiffs and the Class are members of a protected class under the FHA, applied for and were qualified for a loan, Navy Federal denied Plaintiffs and the Class loans despite their qualifications; and Navy Federal continued to offer and approve loans to others with similarly situated status outside the protected class.

67. Navy Federal discriminated against Plaintiffs and the Class in violation of 3604(b) by denying Plaintiffs and the Class mortgages while approving mortgages of White applicants with similar financial status.

68. Navy Federal discriminated against Plaintiffs and the Class in violation of 3605(a) by denying Plaintiffs and the Class residential real estate mortgages while approving mortgages for White applicants with similar financial status.

69. Navy Federal discriminated against Plaintiff and the Class by denying mortgage loans while approving loans to those of similarly situated non-minority borrowers, or offering terms and conditions, fees or expenses less favorable than those of similarly situated non-minority borrowers in violation of the FHA.

70. As a result, Plaintiffs and the Class suffered and continue to suffer financial damage and injury and are entitled to all damages, plus punitive damages, in addition to costs, interest and fees, including attorney's fees, as allowed by law.

## COUNT III
## RACE DISCRIMINATION IN VIOLATION OF 42 U.S.C. § 1981

71. Plaintiffs re-allege and incorporate by reference all prior paragraphs of this Complaint as if fully set forth herein.

72. "All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts" (42 U.S.C. § 1981(a)) which includes "the making, performance, modification, and termination of contracts and all the benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. § 1981(b).

73. These equal rights under the law "are protected against impairment by nongovernmental discrimination." 42 U.S.C. § 1981(c).

74. Plaintiffs and the Class sought to make and enforce contracts and enjoy all the benefits, privileges, terms, and conditions of the contractual relationship with Navy Federal but were denied that right.

75. Plaintiffs and the Class are members of a protected class, applied for and were qualified for credit that was available from Navy Federal, Navy Federal denied Plaintiffs and the Class' mortgage applications despite their qualifications; and Navy Federal discriminated against Plaintiff and the Class by approving credit to others with similarly situated status outside the protected class.

76. As a result, Plaintiffs and the Class suffered and continue to suffer financial damage and injury and are entitled to all damages, including punitive damages, in addition to costs, interest and fees, including attorney's fees, as allowed by law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully ask this Court to award judgment against Defendant as follows:

1. Certifying this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, ordering Plaintiffs Class Representatives and Plaintiffs' attorneys Class Counsel;

2. Adjudging that Navy Federal violated the ECOA, FHA, and/or Plaintiffs' equal rights under the law;

3. Awarding judgment against Defendant for restitution, compensatory and punitive damages for all persons injured by Defendant's acts as described in this Complaint;

4. Awarding Plaintiffs their costs and reasonable attorneys' fees, as provided by applicable law or equity, and as the Court deems just and proper.

5. Awarding injunctive and equitable relief;

6. Awarding prejudgment interest; and

7. Granting such further relief as provided by law or equity, or as the Court deems appropriate and just.

Date: January 10, 2024

By: */s/ Jonathan M. Petty*

Jonathan M. Petty, VSB No. 43100
Christopher P. Yakubisin, VSB No. 91186
**PHELAN PETTY PLC**
3315 West Broad Street
Richmond, VA 23230
(804) 980-7100
jpetty@phelanpetty.com

Daniel K. Bryson*
Scott Harris*
Michael Dunn*
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**
900 W. Morgan St.
Raleigh, NC 27603
(919) 600-5000
dbryson@milberg.com
sharris@milberg.com
michael.dunn@milberg.com

Glen L. Abramson*
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**
800 S. Gay Street, Suite 1100
Knoxville, TN 37929
(866) 252-0878
gabramson@milberg.com

**pro hac vice forthcoming*

ATTORNEYS FOR PLAINTIFFS